IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 14-20093-02-CM |
| CHARLIE JAMES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SECOND UNOPPOSED MOTION FOR CONTINUANCE
OF STATUS CONFERENCE**

COMES NOW the Defendant, Charlie James, by and through undersigned counsel, and respectfully moves this Court for a continuance of the status conference scheduled for March 2, 2015, to April 6, 2015. This continuance is sought pursuant to the ends of justice provision of 18 U.S.C. §3161(h)(7)(A) and (B)(iv). In support of his motion, Defendant advises the Court of the following:

1.       The Defendants are charged in a twenty-three count indictment with ten counts of bank fraud and three counts of wire fraud by Kevin James; three counts of tax evasion and one count of bankruptcy fraud by Charlie James; and, three counts of wire fraud and one count of conspiracy to defraud the United States by both defendants as well as forfeiture allegations.  These charges arise out of allegations of violations of federal laws in the operation and reporting requirements of construction businesses owned by the defendants.

2.       The parties filed a Joint Motion For Designation as Complex Case(Doc. 15).  It was designated complex at the November 3, 2014, status conference, and should exclude any period of day resulting from any continuance required in the interest of justice under the Speedy Trial Act

pursuant to 18 U.S.C. § 3161(h)(7)(A).  A proposed Order was previously provided to the Court, but as of this date the final Order has not been approved.

3.      Due to the complexity of the case, the voluminous amount of discovery, and because no discovery had yet been provided, the parties requested a continuance of the status conference to February 2, 2015, at which time scheduling deadlines and a trial date would be established.

4.      On December 31, 2014, defense counsel received a 32gb flash drive from the government with digitally copied information.  A DVD with a small amount of discovery was provided on January 28, 2015.  Due to the limited amount of discovery received, Defendant Charlie James filed a motion for a continuance of the status conference from February 2, 2015, to March 2, 2015, which was granted (Docs. 18 and 19).

5.      On February 24, 2015, the U.S. Attorney's Office advised defense counsel that additional discovery would be mailed the following date.  Even with the production of the most recent discovery, the majority of the discovery has not been provided and the status as to when it will be produced is not known by defense.

6.      Due to the amount of discovery still expected to be produced, the delay in receiving it, and  without any knowledge as to what issues may arise regarding the discovery, the parties are not in a position to suggest or propose dates for a pretrial and trial scheduling order.

7.      The defendants are out of custody and have no objection to the requested continuance. Tim Burdick representing Kevin James does not have an objection to the continuance.  AUSA Jabari Wamble also advised he does not have any objection to a 30 day continuance.

8.      Mr. Charlie James herein asserts that a continuance outweighs the best interest of the public and their right to a speedy trial, as set out in 18 U.S.C. §3161(h)(7). Although delay resulting

from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's 70-day time limit under 18 U.S.C. §3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *United States v. Zedner*, 547 U.S. 489, 498 (2009), and gives the district courts "discretion...to accommodate limited delays for case-specific needs," *Id*. at 499. A delay granted pursuant to §3161(h)(7) may be excluded if the district court makes the statutorily required findings. *Bloate v. United States,* 130 S.Ct. 1345 (2010). The ends of justice would be served by this continuance, and a failure to grant the continuance might deprive the defendant of effective counsel who has had a reasonable time for competent and thorough trial preparation. 18 U.S.C. §3161(h)(7)(B)(iv). Further, the Court granted the parties' earlier motion to declare this case as complex litigation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (ii).

WHEREFORE, Mr. Charlie James, moves for an order continuing the status conference from March 2, 2015, to April 6, 2015.

Respectfully submitted,

s/Michael D. Hepperly
Michael D. Hepperly, #09542
Michael D. Hepperly Law Office, Chtd
310 W. Central, Suite 119
Wichita, KS 67202
316-267-5330
Fax: 316-267-6589
Email: mhepperly@aol.com

s/Jacquelyn E. Rokusek
Jacquelyn E. Rokusek, #16308
8700 Monrovia Street, Suite 310
Lenexa, Kansas 66215
913-948-9311
Fax: 913-273-1890
Email: RokusekLawOffice@yahoo.com
*Attorneys for Defendant Charlie James*

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all

counsel of record.

s/Michael D. Hepperly
Michael D. Hepperly